NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS ALBERTO LOPEZ-
ORDONEZ; JULIA ALICIA SAY-
ESTRADA; D. G. L-S.; J. B. L-S.,

        Petitioners,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 24-1263

Agency Nos.
A087-528-752
A220-150-282
A220-150-284
A220-150-283

MEMORANDUM[*]

On Petition for Review of a Final Order of the
Board of Immigration Appeals

Submitted April 7, 2025[**]
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Petitioners Luis Alberto Lopez-Ordonez, Julia Alicia Say-Estrada, and their minor children (collectively "Petitioners"), natives and citizens of Guatemala, petition for review of a final order of the Board of Immigration Appeals ("BIA") dismissing their appeal of an Immigration Judge ("IJ")'s order that denied their motion to reconsider the IJ's order denying their motion to reopen and rescind an *in absentia* removal order. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (citation and internal quotation marks omitted). We review the BIA's dismissal of an appeal of an order denying a motion to reconsider for abuse of discretion and reverse only if the BIA acted "arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

The BIA did not abuse its discretion by dismissing Petitioners' appeal.[1] A motion to reconsider must identify an error of law or fact in the prior decision and must be supported by pertinent authority. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R.

---

[1] The Government notes, and we agree, that the only order before this court is the order denying the motion to reconsider, not the IJ's order denying the motion to reopen. The BIA found "no indication that [Petitioners] appealed the [IJ]'s decision denying their motion to reopen," and Petitioners do not challenge that finding in their opening brief.

§ 1003.2(b)(1); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004). Petitioners contend that the BIA abused its discretion by dismissing their appeal because the IJ's summary order denying their motion to reconsider lacked a meaningful analysis. Although the IJ issued a "boilerplate" order, the BIA issued a full order explaining that it reviewed the IJ's findings of fact for clear error and all other issues de novo and did not expressly adopt the IJ's decision in its order. Accordingly, we review only the BIA's order dismissing Petitioner's appeal. *See Singh*, 914 F.3d at 658; *Zheng v. Ahscroft*, 332 F.3d 1186, 1193 (9th Cir. 2003) ("Because the BIA conducted an independent review of the IJ's findings, we review the BIA's decision and not that of the IJ."). Further, upon the BIA's independent review, it determined that Petitioners failed to identify any legal or factual error in the IJ's August 3, 2023 order and instead merely reiterated the same arguments presented in their previous motion to reopen.[2] Therefore, the BIA did not act arbitrarily, irrationally, or contrary to law because it conducted an independent review of the IJ's order denying Petitioners' motion to reconsider and fully explained its reasons for dismissing Petitioners' appeal. *See Mohammed*, 400 F.3d at 792–93.

---

[2] In their motion to reopen, Petitioners argued that they demonstrated an exceptional situation warranting *sua sponte* reopening. That argument does not demonstrate "legal or factual error in the [IJ's] prior decision" because it pertains to the IJ's discretionary determination regarding *sua sponte* reopening. *Ma*, 361 F.3d at 558; 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1).

**PETITION DENIED.**